FRANK KUTTNER v. CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted December 23, 1909—Decided September 1, 1910.

1. The running by a railroad company of a freight train containing a car, the door of which is in such a damaged condition as to be a menace to the safety of persons traveling in passing passenger trains, is *prima facie* a negligent act.
2. When a railroad company owes to its passengers a duty to inspect its cars before putting them in service, and causes such inspection to be made, the question whether the inspection was a proper one is generally a question for the jury.
3. The opinions of experts, except as to those matters of which they have knowledge not acquired by ordinary persons, have no place in judicial procedure.

On error to the Warren Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff in error, *George M. Shipman.*

For the defendant in error, *William C. Gebhardt.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff was injured while traveling as a passenger on a train of the defendant company from Phillipsburg to Somerville.    The case made by him at the trial may be summarized as follows: When his train was near Bloomsbury station it passed a freight moving in the opposite direction.    At that time he was sitting in one of the seats on the side of the car nearest to the passing freight, with his elbow resting upon the sill of an open window, but inside of the exterior line of the car, and his head resting upon his hand.    As the trains were in the act of passing something scraped along the side of the car in which he was riding, and struck his arm with such force as to fracture not only the bone above the elbow, but both of those below it, as well as one of the bones of his thumb, and one of those of his little finger.    An examination of one of the cars of the freight train, made shortly after the accident, disclosed that the door was broken, that part of it was entirely gone, and that some of the boards which remained were loose and hanging down.    At the close of the plaintiff's case a motion for a nonsuit was made upon the ground that the facts proved failed to show negligence on the part of the defendant company, and upon the further ground that they exhibited negligence on the part of the plaintiff contributing to the accident.    This motion was refused.    The defendant then proved that just before the car (which subsequent to the accident was found to have the broken door) was attached to the freight train, the conductor in charge thereof walked around it and two others which were attached to the train at the same time, for the purpose of looking them over, and saw that they had their doors closed, and that they appeared to be in running condition.    At the close of the whole case a motion was made to direct a verdict for the defendant upon the same grounds advanced in support of the motion to nonsuit.    This motion also was refused.    The case then went to the jury and resulted in a verdict for the plaintiff, judgment

being entered thereon. The defendant now seeks to have the judgment reversed, principally upon the ground that the motion to nonsuit, and the motion to direct a verdict, were improperly denied.

The refusal to nonsuit was manifestly proper. The evidence submitted on the part of the plaintiff fairly supported the conclusion that his injury resulted from one of the loose boards upon the damaged freight car door coming into violent contact with his arm. No other explanation of the accident appeared in the case, and it is not contended on the part of the defendant that the broken door could not have been its producing cause. That the running of a freight train having in it a car the door of which is in such a damaged condition as to be a menace to the safety of persons traveling in a passing passenger train is, on the face of it, an act of negligence, seems too plain for discussion. There may, of course, be some excuse, some explanation, for doing so, which will negative the idea of negligence, but, until such excuse or explanation is forthcoming, *res ipsa loquitur.* The trial court was quite right, therefore, in holding that, on the case made by the plaintiff, the question of the negligence of the defendant was for the jury. The contributory negligence of the plaintiff was just as clearly a question for the jury. Counsel asserts before us that the positive testimony of the plaintiff's witnesses that his arm was wholly within the car at the time of the accident is incredible, and must be disregarded, for the reason that it is impossible that he could have received the injury of which he complains unless his arm was projecting beyond the exterior line of the car; and he argues that, as a matter of law, the placing of his arm in such a position was so clearly an act of negligence as to destroy his right to recover. It is not necessary to pass upon the soundness of the legal proposition advanced, for the assertion upon which it is rested is not only unsupported by any proof in the case, but, to our non-expert minds, is apparently opposed to natural laws. To us it seems quite within the realm of possibility that if a board which projects from a freight car against the side of a passenger car is long

enough to be subjected to strain by the contact, it will, when the strain is suddenly relieved by its passing an open window, momentarily cease to follow the line of the side of the car, and sweep inside the window to some extent; and that the slower the two trains are moving at the time the greater is the likelihood of such an occurrence.

The motion to direct a verdict was also properly refused. The only change made in the aspect of the case by the proofs offered on the part of the defendant was that an inspection was made of the car with the damaged door before it was taken into the freight train, and that it then appeared to be in running condition. The inspection, however, was palpably a very superficial one, and it was clearly for the jury to say whether it was of such a character as to relieve the defendant company from responsibility for the accident to the plaintiff.

Other assignments of error are directed at questions asked on direct examination of medical experts called by the defendant and excluded upon objection interposed by the plaintiff. They are discussed together by counsel, and may be disposed of together. The following are fair samples of the line of questions excluded:

Question: "Could such breaks as you have described here, and here, and here (showing on the arm where these injuries were), have been inflicted by anything coming in the car window, or would it, as a matter of physical necessity, have occurred by reason of the arm having been outside of the car window?"

Question: "From what you have seen of that arm, and the examination you have made of it, what would you say as to how the arm was injured, and as to whether it was injured inside the car window, or outside?"

Question: "If a man was sitting with his hand against his head this way (indicating the way the plaintiff sat) could it have been possible for that arm to have been broken in the way it was inside of the car?"

Each of these questions called for the opinion of the respective witnesses to whom they were addressed upon matters outside the line of their special knowledge; upon matters

of mechanics rather than of medical science. The answers to them, if given, would have been without probative force. The opinions of experts, except as to those matters of which they have knowledge not acquired by ordinary persons, have no place in judicial procedure. The questions were properly excluded.

Other errors were assigned, but were not discussed by counsel on the argument, and call for no comment from us, except to say that they are without merit.

The judgment under review will be affirmed.